IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD J. HENRICKSEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Case No. CIV-04-1169-F |
| | ) | |
| | ) | |
| JET SERVICE ENTERPRISES, INC. | ) | |
| and WYNDEL BLAKEMORE, | ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the court is Plaintiff's Application to Add Additional Plaintiff, filed September 9, 2005 (doc. no. 40), and Plaintiff's Second Application to Add Additional Plaintiff (doc. no. 41), filed September 15, 2005. Defendants have timely responded to the applications, and upon due consideration, the court makes its determination.

With his applications, plaintiff seeks to add Kenny Smith and Cheryl Powell as additional plaintiffs. Similar to plaintiff, Smith and Powell filed charges of discrimination with the Equal Employment Opportunity Commission alleging that they were terminated from the employment of defendant, Jet Service Enterprises, Inc., on the basis of their age. They have both recently received right to sue letters in regard to their claims. Plaintiff contends that the testimony of Smith and Powell as well as other interviewed witnesses supports plaintiff's age discrimination claim. Plaintiff maintains that, if Smith and Powell are not added as plaintiffs, the parties, as well as the court, will incur unnecessary costs in order to litigate the

three age discrimination cases. Plaintiff states that the addition of Smith and Powell will not affect any deadlines in this case as the court has recently entered a new scheduling order, which provides for a discovery cutoff deadline of March 27, 2006.

Plaintiff has not cited the basis of authority for his applications. Presumably, plaintiff is seeking to amend his complaint to add Smith and Powell under Rule 15(a), Fed. R. Civ. P. However, any amendment to add Smith and Powell requires consideration of Rule 20(a), Fed. R. Civ. P., which governs permissive joinder of parties. State Distributors., Inc. v. Glenmore Distilleries Co., 738 F.2d 405, 416 (10th Cir. 1984). That rule provides in pertinent part as follows:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action . . . .

Rule 20(a), Fed. R. Civ. P. Thus, under Rule 20(a), joinder of multiple plaintiffs is permissible if the multiple plaintiffs' claims (1) "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and (2) will present some "question of law or fact [in] common." Joinder of multiple plaintiffs is proper only if both of these requirements are satisfied. Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994).

Upon review, the court finds that plaintiff cannot satisfy the dual requirements for permissive joinder. Clearly, plaintiff, Smith and Powell's claims do not arise out of the same transaction, occurrence or series of transactions or occurrences. All three individuals were employed by defendant, Jet Service Enterprises Inc., in different capacities in different departments. All three individuals had different supervisors and were terminated by these supervisors at

different times.  Indeed, plaintiff's employment was terminated well over a year and a half prior to Smith and Powell's terminations.  Thus, all three claims, while alleging violation of the same discrimination statute, involve wholly separate and discrete acts of defendant.  These discrete and individualized facts make joinder improper.  Consequently, the court finds that plaintiff's applications should be denied.

In response to plaintiff's applications, defendants state that they are agreeable to consolidating this case with Smith and Powell's cases for discovery purposes.  The court would be inclined to consolidate the cases for discovery purposes to alleviate some of the litigation costs to the parties.  Therefore, upon the filing of their individual actions, Smith and Powell shall indicate on their respective civil cover sheets that their cases are related to the above-entitled case.  If either case is not originally assigned to the undersigned, it presumably will be transferred to the undersigned and the undersigned will consolidate the case with this case for discovery purposes only.

Accordingly, Plaintiff's Application to Add Additional Plaintiff, filed September 9, 2005 (doc. no. 40), and Plaintiff's Second Application to Add Additional Plaintiff (doc. no. 41), filed September 15, 2005, are **DENIED**.

DATED October 4, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1169p011(pub).wpd